## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff,*

  vs.                               Case No. 17-10157-EFM

JULIAN LOPEZ, JR.,

        *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Julian Lopez, Jr.'s Motion for Sentence Reduction under 18 U.S.C. § 2582(c)(1)(A) (Doc. 37).  He seeks early release from prison to take care of his ailing father.  The government opposes Defendant's motion.  For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.      Factual and Procedural Background

On April 24, 2018, Defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  On June 27, 2018, Defendant was sentenced to 60 months' imprisonment.  Defendant is 43 years old, and he is currently incarcerated at Texarkana FCI.  Defendant's projected release date is March 3, 2022.

On December 28, 2020, Defendant filed a pro se motion seeking early release from prison. He asserts that he would like to be released to take care of his ill father.  He states that his mother

is not healthy enough to take care of his father, and his sister does not live nearby and has her own family for which to care.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[2]  The administrative exhaustion requirement is jurisdictional and cannot be waived.[3]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[3] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

person or the community."[4]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[5]

### III.    Analysis

Defendant seeks early release based on his assertion that his father is ill, and he needs to help take care of him.  The government asserts that Defendant does not set forth an extraordinary or compelling reason warranting release.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden on October 30, 2020.  As of December 28, 2020, the date this motion was filed, Defendant had not received a response from the Warden.  The government also states that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

### B.    Extraordinary and Compelling Reasons

Defendant requests compassionate release to take care of his father.  Defendant asserts that his father is 82 years old, has high blood pressure, had a stroke, is battling prostate cancer, recently fractured a hip, and needs assisted living but cannot afford it.  He states that his mother, who is 72 years old, is not healthy enough to care for his father.  In addition, Defendant contends that his sister does not live near their parents, and she has her own family for which to care.

---

[4] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[5] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

As to Defendant's caregiver assertion, family circumstances can sometimes establish an extraordinary and compelling reason warranting release.  Specifically, the "family circumstances" application note to § 1B1.13 provides that an extraordinary or compelling reason may exist for a reduction in sentence due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[6]  Here, neither circumstance exists.  Defendant's father is neither his spouse nor the caretaker of his children.

"The vast majority of courts examining a defendant's family circumstances for purposes of compassionate release have held that providing care to elderly parents, even ailing parents, simply does not fall within the reasons contemplated by the policy statement."[7]  Furthermore, even if the Court was inclined to find that caring for an incapacitated parent was an extraordinary and compelling reason,[8] Defendant fails to demonstrate to the Court that he is the only potential caregiver.[9]  Defendant's parents are married. And although Defendant states that his mother is not healthy enough to care for his father, the fact remains that she is available to help.  In addition, although Defendant states that his sister does not live nearby, Defendant's Presentence

---

[6] U.S. Sentencing Guidelines Manual, § 1B1.13, Application Notes, 1(C)(i)–(ii).

[7] *United States v. Hassen*, 2020 WL 6680387, at *3 (D. Kan. 2020) (collecting cases); *see also United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio 2019) (finding that an extraordinary and compelling reason warranting release did not include a family circumstance of aging and sick parents because many inmates have aging and sick parents).

[8] *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding that an extraordinary and compelling reason warranting compassionate release existed because the defendant was the *only* available caregiver for his ailing mother).

[9] *Id.*; *United States v. Nevers*, 2019 WL 7281929, at *6 (E.D. La. 2019) (distinguishing the facts in the case from *Bucci* because the defendant did not demonstrate that she was the only potential caregiver for her mother and thus finding that the defendant did not demonstrate an extraordinary reason warranting release from prison).

Investigation Report indicates that his parents and sister all reside in Wichita.  Indeed, Defendant's sister wrote a letter to the Court requesting compassionate release on her brother's behalf.[10]  In this letter, she stated that she continued to help her father as best she could and stated that it would be helpful if Defendant was released to help her and her mother care for Defendant's father.  Although the Court is sympathetic to Defendant's family circumstances and recognizes the difficulties imposed on Defendant's sister and mother in caring for Defendant's father, Defendant's assertion that his father needs additional caregiver help does not constitute an extraordinary and compelling reason warranting release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction under 18 U.S.C. § 2582(c)(1)(A) (Doc. 37) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 40.

-5-